```
           IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MARYLAND
```

|  |  |
|---|---|
| LINDA GATEAU[1] | : |
|  | : |
| v. | : Civil Action No. DKC 2004-0779 |
|  | : |
| BUILDING ONE SERVICE SOLUTIONS, INC., et al. | : |

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this personal injury case is the motion of Defendant Building One Service Solutions, Inc., for leave to file a third-party complaint against Kmart (paper 62).[2]  For the reasons that follow, the court will deny Defendant's motion.

**I.  Background**

This is a slip and fall case arising from Plaintiff's visit to the Kmart store in California, Maryland on July 11, 2001.  On March 18, 2004, Plaintiff filed a complaint against Building One Service Solutions, Inc., contending that Kmart hired Building One to clean and wax the floors and that they are responsible for excess waxy buildups that caused her to fall.  (Paper 1).

---

[1] The complaint was originally filed by Linda Abell.  Since then, Plaintiff's name changed to Linda Gateau.  The caption has been revised accordingly.  (Paper 44).

[2] The court will consider the motion of Building One Service Solutions, Inc. for summary judgment (paper 39), and the motion of Bohy for summary judgment (paper 42) in a separate opinion.

On May 3, 2004, Building One filed a third-party complaint against Bohy Universal Service, Inc. (Paper 4). Building One asserts that it subcontracted its cleaning and waxing duty to Bohy and that they are therefore responsible. On May 7, 2004, Plaintiff amended her complaint to add Bohy as a defendant. (Paper 7).

On March 11, 2005, this court entered a scheduling order in which it specified, among other things, that all motions for joinder of additional parties and amendment of pleadings were due by April 25, 2005. The court noted: "The schedule will not be changed except for good cause." (Paper 31). Building One moved, on October 19, 2005, for leave to file a third-party complaint against Kmart, based on information provided at a deposition held September 6, 2005. (Paper 62). It contends that, because the store had been open for a few hours at the time Plaintiff fell, Kmart and not Defendants might be liable. Building One also states that it "originally was believed that Kmart was judgment proof." Kmart, but not the other parties, opposes this motion.

**II. Analysis**

Building One's motion to file a third-party complaint against Kmart triggers Fed.R.Civ.P. 14(a) governing third-party complaints, Fed.R.Civ.P. 15(a) governing amendment of pleadings,

2

and Fed.R.Civ.P. 16(b) governing modification of a scheduling order. Fed.R.Civ.P. 15(a) provides that leave to amend "shall be freely given when justice so requires." When a defendant seeks to amend its pleadings to assert a third-party claim, Fed.R.Civ.P. 14(a) is also implicated. Pursuant to Fed.R.Civ.P. 14(a), a defendant, as a third-party plaintiff, may bring suit against another party "who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff." If the third-party plaintiff files the third-party complaint more than ten days after serving the original answer, leave of the court must be obtained. The court may exercise its discretion in determining whether or not to grant leave. *DTM Research, L.L.C. v. AT & T Corp.*, 179 F.R.D. 161, 162 (D.Md. 1998). "In exercising this discretion, courts balance 'the elimination of delay and circuity, against the danger of prejudice to the plaintiff.'" *Id.* (quoting *Hicks v. Long Island R.R.*, 165 F.R.D. 377 (E.D.N.Y. 1996). In *DTM Research*, *L.L.C.*, the court noted that "where the addition of a third-party defendant would cause undue delay or complication in the trial of the underlying case, such impleader will not be allowed." 179 F.R.D. at 162.

Fed.R.Civ.P. 16(b) governs the modification of a scheduling order. The rule states that a scheduling order "shall not be

3

modified except upon a showing of good cause and by leave of the district judge." As this court has noted, Rule 16(b)'s "good cause" standard governs motions to amend pleadings filed after scheduling order deadlines. *CompuSpa, Inc. v. Inter'l Bus. Machs. Corp.*, No. Civ.A.DKC 2002-0507, 2004 WL 1459272, at *1-2 (D.Md. June 29, 2004). *See also O'Connell v. Hyatt Hotels of Puerto Rico*, 357 F.3d 152, 154-55 (1st Cir. 2004). Likewise, Rule 16(b) would govern where a defendant seeks to modify the scheduling order and amend the pleadings to join an additional party and assert a third-party claim. *See* Advisory Committee Notes to the 1983 Amendments to Fed.R.Civ.P. 16(b) (stating that the reason for limiting the period for amending the pleadings is to assure "that at some point both the parties and the pleadings will be fixed").

Building One seeks to join and assert a third-party claim against Kmart. The scheduling order unambiguously stated that all motions for joinder of additional parties and amendment of pleadings were due by April 25, 2005. Accordingly, Building One must first show "good cause." *See Rassoull v. Maximus, Inc.*, 209 F.R.D. 372, 373 (D.Md. 2002). The good cause inquiry primarily "focuses on the timeliness of the amendment and the reasons for its tardy submission" and in particular, on "the diligence of the movant." *Id*. at 374.

Building One's justification is that new information was provided at a deposition held September 6, 2005.  In its motion, Building One states that because the store was open for a few hours at the time Plaintiff fell, Kmart may be liable for failing to maintain its store during business hours.  It also states that it originally believed Kmart was judgment proof.[3] Building One has failed to show good cause.[4]  The events leading to this lawsuit occurred over four and a half years ago, and the initial complaint was filed more than a year and a half ago. Building One offers no reason why the "new evidence" regarding Kmart's potential liability surfaced only recently, including why investigation on its part prior to the April 25, 2005, deadline would not have revealed the time Plaintiff fell and the store hours (i.e., to determine how long the store was open before the fall and therefore whether Kmart could be liable). Assuming Defendant contends that because of the deposition it now "knows" something new about whether Kmart is judgment proof, they offer no reason why diligent investigation would not have

---

[3] Building One states: "it is not known by counsel whether this incident was discharged in bankruptcy, or whether Kmart has applicable insurance.  In any event, it makes sense for Kmart to be joined in this lawsuit since the incident occurred during its store during business hours."

[4] In fact, Building One does not even address the good cause standard of Rule 16(b), which governs its motion.

5

revealed this information earlier. There simply is no indication that anything new was discovered in the September deposition that could not have been known earlier, had Building One acted diligently. Moreover, as Kmart notes in its opposition memorandum, the depositions were noticed by Plaintiff, and not by Building One. As this court has noted:

> Lack of diligence and carelessness are "hallmarks of failure to meet the good cause standard." *West Virginia Housing Dev. Fund v. Ocwen Tech. Xchange, Inc.*, 200 F.R.D. 564, 567 (S.D.W.Va. 2001). "[T]he focus of the inquiry is upon the moving party's reasons for seeking modification. *If that party was not diligent, the inquiry should end.*" Marcum [*v. Zimmer*], 163 F.R.D. [250,] 254 [(S.D.W.Va. 1995)].

*Rassoull v. Maximus, Inc.*, 209 F.R.D. 372, 374 (D.Md. 2002) (emphasis in original). Accordingly, Building One cannot show good cause for its delay, and the court need not consider whether the standards of Fed.R.Civ.P. 14(a) or 15(a) have been met. The motion for leave to file a third-party complaint will be denied. A separate Order will follow.

                                         _____/s/_____
                                         DEBORAH K. CHASANOW
                                         United States District Judge