```
         IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF MARYLAND
```

|   |   |
|---|---|
| LINDA GATEAU[1] | : |
|   | : |
| v. | : Civil Action No. DKC 2004-0779 |
|   | : |
| BUILDING ONE SERVICE SOLUTIONS, INC., et al. | : |

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this personal injury case are the motions of Defendant Building One Service Solutions, Inc., for summary judgment (paper 39), and of Defendant Bohy Universal Service, Inc., for summary judgment (paper 42). For the reasons that follow, the court will deny the motions.

**I. Background**

The following facts are either undisputed, or viewed in the light most favorable to Plaintiff Linda Gateau. On July 11, 2001, at approximately 6:15 p.m., Plaintiff and her mother visited the Kmart store in California, Maryland. While walking through the store, Plaintiff slipped and fell, injuring her neck, back, right knee, left shoulder, and wrist. Plaintiff states that she slipped due to excessive wax build-up that was left on the floor. Plaintiff, accompanied by her mother, reported the incident to a Kmart employee. Plaintiff testified that a Kmart employee, who she

---

[1] The complaint originally was filed by Linda Abell. Since then, Plaintiff's name changed to Linda Gateau. The caption has been revised accordingly. (Paper 44).

believes to have been the manager, accompanied Plaintiff and her mother back to the accident site. Upon examining the floor, Plaintiff states that the employee agreed that it was slippery because of excessive wax.

On March 18, 2004, Plaintiff filed a negligence complaint against Building One Service Solutions, Inc., pursuant to this court's diversity jurisdiction under 28 U.S.C. § 1332. (Paper 1). Plaintiff contends that Kmart hired Building One to clean and wax the floors and that it is responsible for the excess waxy build-ups that caused her to fall. On May 3, 2004, Building One filed a third-party complaint against Bohy Universal Service, Inc. (Paper 4).[2] Building One asserts that it subcontracted its cleaning and waxing duty to Bohy and that it is therefore responsible. On May 7, 2004, Plaintiff amended her complaint to add Bohy as a defendant. (Paper 7). Plaintiff seeks relief from the Defendants in the amount of $300,000 plus costs.

On July 14, 2005, Building One filed a motion for summary judgment, (paper 39), and on July 21, 2005, Bohy filed a motion for summary judgment (paper 42). Building One moved, on October 19, 2005, for leave to file a third-party complaint against Kmart.

---

[2] On November 30, 2004, this court dismissed without prejudice the third-party complaint against Bohy because the allegations in the complaint were conclusory and insufficient. The court gave Building One fifteen days to file an amended complaint. Building One filed an amended third-party complaint on December 3, 2004. (Paper 18).

(Paper 62). The court denied the motion on November 23, 2005, because it was untimely and Building One failed to show good cause for its delay. (Paper 71).

**II.  Motions for Summary Judgment**

**A.  Standard of Review**

It is well established that a motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In other words, if there clearly exist factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," then summary judgment is inappropriate. *Anderson*, 477 U.S. at 250; *see also Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987); *Morrison v. Nissan Motor Co.*, 601 F.2d 139, 141 (4th Cir. 1979). The moving party bears the burden of showing that there is no genuine issue as to any material fact and that he is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c); *Catawba Indian Tribe of S.C. v. South Carolina*, 978 F.2d 1334, 1339 (4th Cir. 1992), *cert. denied*, 507 U.S. 972 (1993).

When ruling on a motion for summary judgment, the court must construe the facts alleged in the light most favorable to the party opposing the motion. *See United States v. Diebold*, 369 U.S. 654,

655 (1962); *Gill v. Rollins Protective Servs. Co.*, 773 F.2d 592, 595 (4th Cir. 1985).  A party who bears the burden of proof on a particular claim must factually support each element of his or her claim. "[A] complete failure of proof concerning an essential element . . . necessarily renders all other facts immaterial." *Celotex Corp.*, 477 U.S. at 323.  Thus, on those issues on which the nonmoving party will have the burden of proof, it is his or her responsibility to confront the motion for summary judgment with an affidavit or other similar evidence in order to show the existence of a genuine issue for trial.  *See Anderson*, 477 U.S. at 256; *Celotex Corp.*, 477 U.S. at 324.  However, "[a] mere scintilla of evidence in support of the nonmovant's position will not defeat a motion for summary judgment." *Detrick v. Panalpina, Inc.*, 108 F.3d 529, 536 (4th Cir. 1997), *cert. denied*, 522 U.S. 810 (1997).  There must be "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."  *Anderson*, 477 U.S. at 249-50 (citations omitted).

**B.  Analysis**

Plaintiff asserts a state law negligence claim against Building One and Bohy.  To prove negligence under Maryland law, Plaintiff must show that: (1) the defendant was under a duty to protect plaintiff from injury; (2) the defendant breached that duty; (3) the plaintiff suffered injury or loss; and (4) the loss

4

or injury proximately resulted from the defendant's breach of duty. *Doe v. Pharmacia & Upjohn Co.*, 388 Md. 407, 414 (2005); *Rosenblatt v. Exxon Co., U.S.A.*, 335 Md. 58, 76 (1994).

Plaintiff maintains and Building One concedes that Kmart contracted with Building One to complete floor cleaning and maintenance duties. Building One states, and invoices confirm, that Building One contracted out these services to Bohy. Building One, along with its subcontractor Bohy, owed a duty to Plaintiff to clean and maintain the floors in a reasonably safe manner. *See Keene v. Arlan's Dep't Store of Balt., Inc.*, 35 Md.App. 250, 254-55 (1977); *Casper v. Chas. F. Smith & Son, Inc.*, 71 Md.App. 445, 457 (1987). To the extent that Bohy, an agent of Building One, acted negligently in cleaning Kmart's floors, Building One may be held responsible. *Brooks v. Euclid Sys. Corp.*, 151 Md.App. 487, 506 (2003) (stating that principal may be held liable for agent's negligent acts).

In a slip-and-fall case where a plaintiff asserts that the accident occurred as a result of an overt action by the defendant in the care and maintenance of the floor, such as waxing the floor, the plaintiff need not establish that the defendant had notice of the dangerous condition in order to prove negligence because the defendant is alleged to have caused the condition.[3] *Keene v.*

---

[3] Conversely, where a plaintiff alleges that a slip and fall resulted from the presence of some foreign substance of unknown (continued...)

*Arlan's Dep't Store*, 35 Md.App. 250, 256 (1977); *Link v. Hutzler Bros. Co.*, 25 Md.App. 586, 593 (1975).  Both Plaintiff and her mother testified that Plaintiff's fall was due to a waxy build-up on the floor, and Plaintiff further testified that Kmart's store manager confirmed the wax build-up when she investigated the accident site following Plaintiff's fall.  Building One asserts that Bohy performed cleaning services on the day of the accident, and records show that cleaning services were performed on that date.  Plaintiff also testified and neither Defendant disputes that Plaintiff suffered injuries as a result of her fall.

Other than summarily stating that Kmart should be the party sued in this case, that something other than wax build-up could have caused the slippery floor, and that Plaintiff's case is based on "pure speculation," neither Building One nor Bohy has put forth any evidence to rebut Plaintiff's assertions, let alone satisfy their burden of showing that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. Accordingly, Defendants' motions for summary judgment are denied. A separate order will follow.

>             /s/
>     DEBORAH K. CHASANOW
>     United States District Judge

---

[3](...continued)
origin on the floor, he or she may need to establish that the defendant had notice of the dangerous condition in order to prevail.  *See Link v. Hutzler Bros. Co.*, 25 Md.App. 586, 593-94 (1975).